UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS GLINSKI | : | CIVIL NO.  3:01-CV-01167 (SRU) |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONAL SURETY CORP. | : | |
| | : | |
| Defendant | : | MAY 6, 2004 |

## JOINT TRIAL MEMORANDUM

**1.    TRIAL COUNSEL:**

   Plaintiff:   Steven E. Arnold, 29 South Main Street, West Hartford, CT 06107
          Tel. (860) 561-0650, Fax (860) 561-0646

          Peter M. Van Dyke, 29 South Main Street, West Hartford, CT 06107
          Tel. (860) 561-0650, Fax (860) 561-0646

   Defendant: Alfred C. Constants III, 201 Route 17 North, Rutherford, NJ  07070
           Tel. (201) 507-3683, Fax (201) 507-3675

           Louis B. Blumenfeld, Hartford Square North, Ten Columbus Boulevard
           Hartford, CT  06106-1994
           Tel. (860) 527-1141, Fax: (860) 247-5215

**2.    JURISDICTION:**

   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, and the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

1

3.    **NON-JURY TRIAL:**

The case is to be tried to the Court.

4.    **LENGTH OF TRIAL:**

Three to four days.

5.    **FURTHER PROCEEDINGS:**

N/A

6.    **PLAINTIFF'S NATURE OF CASE:**

Plaintiff, Thomas Glinski, and a fellow employee were employed by Defendant's insured, AMR Combs, Inc. (now Signature Flight Support) as fuel truck drivers at Bradley International Airport in Windsor Locks, CT.  During the course of their employment, the fellow employee negligently operated his fuel truck and collided head-on into Plaintiff's fuel truck, causing Plaintiff to sustain serious bodily injuries.  Defendant denied insurance coverage for Plaintiff's injuries, asserting that the fuel truck is not a "motor vehicle" within the meaning of C.G. S. § 14-1(47), and CGS§ 31-293a exception to the Workers' Compensation Act, and that Defendant's insurance policy does not provide coverage for Plaintiff's damages.

Plaintiff commenced a state court action against his fellow employee for Plaintiff's accident injuries pursuant to the motor vehicle accident exception to the otherwise exclusive workers' compensation remedy in CGS § 31-293a for employment related accidents.  Defendant denied insurance coverage for Plaintiff's injuries and did not provide the fellow employee with a

2

defense to Plaintiff's action.  Plaintiff thereafter stayed his state action, pending the Court's

decision in this federal declaratory judgment action that Plaintiff commenced to enforce

Defendant's insurance contract obligation to compensate Plaintiff for his accident injuries under

his employer's insurance policy with Defendant.

In this federal action, Plaintiff seeks a declaratory judgment that (1) the accident fuel truck

in this case is a "motor vehicle" within the meaning of CGS § 31-293a, thus permitting Plaintiff

the right of action against the fellow employee for negligence in the operation of a motor vehicle;

and that (2) Defendant's insurance policy issued to Plaintiff's employer obligates Defendant to

compensate Plaintiff for his fuel truck accident injuries in this case.

**DEFENDANT'S NATURE OF THE CASE**:

Plaintiff has brought a declaratory judgment action against defendant seeking a

declaration that he is entitled to uninsured motorist coverage under an auto policy issued by

defendant to AMR Services Corporation, plaintiff's employer for a specified accident.

7.    **STATEMENT OF THE CASE:**

N/A

8.    **TRIAL BY MAGISTRATE JUDGE:**

The parties have not agreed to a trial by a Magistrate Judge.

9.    **LIST OF WITNESSES:**

**Plaintiff**:

1.    Thomas Glinski

**STANGER & ARNOLD,** LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

58 Salem Road
East Hartford, CT 06118

Thomas Glinski will testify about the accident, fuel truck operations, uses, practices, and capabilities and his accident injuries.

2.    Kenneth Glinski
      58 Salem Road
      East Hartford, CT 06118

Kenneth Glinski is Thomas Glinski's father, and he will testify about his son's education, training, and life's experiences, and the continuing treatments and disabilities of his son's accident injuries.

3.    Sally Glinski
      58 Salem Road
      East Hartford, CT 06118

Sally Glinski is Thomas Glinski's mother, and she will testify about her son's education, training, and life's experiences, and the continuing treatments and disabilities of her son's accident injuries.

4.    Harry C. Gough, P.E.
      144 Fox Hill Road
      Wethersfield, CT 06109

Harry Gough is a Professional Engineer who will testify about his knowledge, investigation and examination of the fuel trucks in this case, his education and experience in the field of motor vehicle and truck legislation, regulations, classifications and compliance.  Mr. Gough will provide expert testimony that in his opinion the fuel truck in this case is a "motor vehicle" within the meaning of CGS§ 41-47 as well as a "truck" within the meaning of CGS§14-1(a)(84) and a "commercial vehicle" within the meaning of CGS§14-1(a)(11).  See also Affidavit of Harry C. Gough and Curriculum Vitae (dtk. #32).

4

5.    A designee of Bradley International Airport administration to testify as to pertinent airport operations, including public access and rules and regulations.

6.    A designee of the Department of Transportation to testify as to pertinent airport operations including public access, rules and regulations, requirements for performance of functions and operations as a contractor or the like on the premises, including on the tarmac at Bradley International Airport, and concerning department records.

7.    If the need arises, Plaintiff also may call other family members and former and current fellow employees.

**Objections:  Defendant objects to inclusion of this undesignated catchall.**

**Defendant**:

1.    J. Andrew Reeves, Signature Flight Support Corporation, Aircraft Service International Group, BBA Aviation, Vice President, Ground Support Equipment and Maintenance, fact and expert witness. Mr. Reeves will testify concerning his involvement with Bradley Airport and with refueler equipment such as the refuelers involved in this action. He will testify as to his background and experience and his knowledge of refuelers, as well as how and where they are used. He is expected to provide evidence as to the construction and features and use of the Dart refuelers involved in the accident. Mr. Reeves  is expected to testify that in his opinion:   the refuelers are equipment or mobile equipment as described in CGS § 31-293A; that the refuelers fit the description of  "special mobile equipment" under CGS § 14-165(i) and within the phrase "any other vehicle not suitable for operation on a highway" and thus do not come within the definition of "motor vehicle" provided in CGS § 14-1(47); the refuelers fall within the definition of "special mobile equipment" under CGS § 14-165(i) because they are not designed for transporting persons or property on highways, they are not suitable for highway use and that if driven on a highway would be so driven only as incidental operation or movement; the airport ramp where the accident took place does not fall within the definition of "highway" in CGS § 14-1(34) as it is not "dedicated, appropriated or opened to the public travel or other use" by the public; and

5

that the refuelers do not meet the definition of "Auto" but do meet the definition of "Mobile equipment" as provided in the National Surety policy. Mr. Reeves opinions as to how the various definitions apply to the refuelers is based on his knowledge and understanding of the construction and use of such refuelers with which he has been professionally involved for many years, including with the purchase of about 150 for use at a dozen or so airports. His opinions as to the nature of the area where the accident occurred-that it was not within the statutory definition of "highway" is based on his personal knowledge of the area and his knowledge of the restrictions of Bradley Airport concerning the use of that area. Mr. Reeves will rely on the statutes referenced, the policy provisions referenced (as in Exhibit A), Bradley International Airport Ramp Rules And Regulations (Exhibit E), specifications and descriptions of the refuelers involved (Exhibit D), photographs of the refuelers involved (Exhibit C) and descriptive portions of the police report on the accident (Exhibit F). (It is noted that Mr. Reeves executed an August 2, 2002 Affidavit in this matter which was filed in Court and which is listed as item # 20 on the Court Docket.) A copy of Mr. Reeves Resume is attached.

2.  John Moody, Manager, Airline Fueling, Signature Flight Support, Bradley International or his designee, has knowledge concerning the ramp rules and procedures at the airport as well as knowledge of the Dart refuelers involved in the accident.

3.  Joseph D. Barroso, Fireman's Fund Insurance Company, or his designee; the claim handler assigned to this matter, who performed investigation and analysis who will testify as to relevant aspects of the handling of the claim.

4.  Ken Blake, Fireman's Fund Insurance Company, CID Product Manager, or his designee who will testify as to the underwriting for National policy DXA 80175135 and relevant aspects in the underwriting process.

In addition to the above witnesses, the defendants may call the following at trial if

the need arises.

5.  A designee of Bradley International Airport administration to testify as to pertinent airport operations, including public access and rules and regulations.

6

6.    A designee of the Department of Transportation to testify as to pertinent airport operations including public access, rules and regulations, requirements for performance of functions and operations as a contractor or the like on the premises, including on the tarmac at Bradley International Airport, and concerning department records.

10.    **DEPOSITION TESTIMONY:**

Plaintiff:   N/A.

Defendant: N/A

11.    **EXHIBITS:**

Plaintiff expects to offer the following exhibits at trial:

Plaintiff's Exhibit #1       Dart refuelers Nos. 109 and 104

Plaintiff's Exhibit #2       Photographs of Accident

Plaintiff's Exhibit #3       Connecticut State Police Accident Report

Plaintiff's Exhibit #4       Accident Report Form and Diagram

Plaintiff's Exhibit #5       Statement of Joseph L. Carlson

Plaintiff's Exhibit #6       Bradley International Airport (BDL) Driver Badge and Security

                             Data

Plaintiff's Exhibit #7       Aviation Fuel Material Safety Data Sheet

Plaintiff's Exhibit #8       Inspection Report Commercial Vehicle Accident Investigation

Plaintiff's Exhibit #9       Statement of Tom Glinski

Plaintiff's Exhibit #10      Safety Violation re: Joseph Carlson

Plaintiff's Exhibit #11      Uniform Police Accident Report Code Form

Plaintiff's Exhibit #12      BDL DOT Ramp Rules and Regulations

Plaintiff's Exhibit #13      BDL Fire Department Incident Reports

**STANGER & ARNOLD, LLP**
29 South Main Street  •  Suite 325 •  West Hartford, CT 06107 •  860.561.0650  •  Facsimile: 860.561.0646
Juris No. 419042

Plaintiff's Exhibit #14    Windsor Locks Fire Department Incident Report

Plaintiff's Exhibit #15    State of Connecticut Department of Environmental Protection Emergency Incident Report

Plaintiff's Exhibit #16    AMR Combs DEP Report of Petroleum or Chemical Product Discharge, Spillage or Release

Plaintiff's Exhibit #17    Connecticut State Police Safety Violation/Signature Flight Support

Plaintiff's Exhibit #18    National Surety Corporation Policy # S74 DXA 80175135

    A    Declarations

    B.    Connecticut Uninsured Motorist Coverage $1,000,000.00

    C.    Coverages

    D.    Tarmac Exclusion Endorsement

    E.    Connecticut Uninsured Motorist Coverage CA 21 57 02 95

    F.    Connecticut Changes   CA 01 07 10 97

    G.    Business Auto Coverage Form    CA 00 01 07 97

Plaintiff's Exhibit # 19    Harry Gough's Expert Affidavit with attachments and his Curriculam Vitae

Plaintiff reserves the right to use as exhibits at trial any documents or things which have been produced or identified by the Defendant during this litigation, to introduce rebuttal or impeachment witnesses and evidence, to offer exemplars, enlargements or overlays of any of the exhibits listed, described or referred to above.

**Objection: The defendant objects to the plaintiff's attempted general reservation as to items produced or identified by the defendant "during this litigation" as such items can and should be identified.**

8

If the need arises, Plaintiff will offer additional exhibits regarding Plaintiff's family, work and social life before and continuing after the accident, and fuel truck operation, use, practices and capabilities at the airport.

**Objection: The defendant objects to exhibits of this category that are not disclosed as part of the identified exhibits.**

Defendant expects to offer the following exhibits at trial:

| Defendant's Exhibit A | National Surety Corporation Policy No.574 DXA 80175135 issued to AMR Services Corporation for the policy period 12/1/97 to 12/1/98. |
|---|---|
| Defendant's Exhibit B | Resume of J. Andrew Reeves |
| Defendant's Exhibit C | Photographs of accident dated 11-14-98 involving the two Dart refuelers |
| Defendant's Exhibit D | Documents from Engine & Accessory, Inc. providing information concerning Dart 8000 refuelers |
| Defendant's Exhibit E | Ramp Rules an Regulations, June 2000, Bradley International Airport. Ct. Department of Transportation |
| Defendant's Exhibit F | Extracted descriptive portions of the Police Accident Report |

Additional Exhibits that the Defendant may offer at trial if the need arises:

| Defendant's Exhibit G | The Affidavit of J. Andrew Reeves with exhibits |
|---|---|
| Defendant's Exhibit H | The Affidavit of Harry Gough |
| Defendant's Exhibit I | Certificate of Insurance dated June 26, 1997 |
| Defendant's Exhibit H | Records of the Connecticut Department of Transportation |

9

The Defendant expressly reserves the right to offer documents in rebuttal should the plaintiff is permitted to offer evidence or otherwise offers evidence, either by testimony or document that exceeds the scope of the disclosure in this memorandum.

**12.     ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE:**

**Defendant:**

A list of evidentiary problems, a Motion In Limine and a Memorandum In Support of Motion In Limine are attached.

**13.     STIPULATIONS OF FACT AND LAW:**

     **A.     DEFENDANT'S UNCONTROVERTED FACTS**

       **The Accident**

       1.   Plaintiff, Thomas A. Glinski ("Glinski" or "plaintiff") was injured in a head-on collision with Joseph Carlson at approximately 1:00 p.m. on November 14, 1998 at the Bradley International Airport located in Windsor Locks, Connecticut.

       2.   Both Mr. Glinski and Mr. Carlson were employed by AMR Combs and were each driving a Dart refueler.

       3.   The accident occurred on a ramp at Bradley International Airport, a location that is not a public road and is not open to public usage.

       4.   The location is governed by "Ramp Rules and Regulations" promulgated by the Bradley International Airport-Connecticut Department of Transportation.

**STANGER & ARNOLD, LLP**
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

5.  The ramp is within the air operations area ("AOA"), an area <u>not</u> intended for use by public vehicular traffic.

6.  Only authorized vehicles, emergency vehicles and aircraft are permitted within the AOA.

7.  Mr. Glinski was driving Dart refueler #104.

8.  Mr. Carlson was driving Dart refueler #109.

9.  Mr. Glinski alleges the accident was caused by the negligent operation of a refueler by his fellow employee Joseph Carlson..

10. The accident occurred on the tarmac of the airport.

**B**.     **<u>The Refuelers</u>**

11.    Both of these fuel trucks are called "Dart" refuelers.

12.    Dart refueler #109 has been identified as a 1970 K.W. Dart.

13.    Dart refueler #104 has been identified as a 1969 K.W. Dart.

14.    Each Dart refueler is what is commonly referred to as Dart 8000.

15.    The 8000 refers to the amount of jet fuel in gallons that it can carry.

16.    The original Dart chassis, a custom chassis, was designed and produced by Engineer and Accessories for Dart refuelers #104 and #109.

17.    Engineer and Accessories is located in Miami, Florida.

18.    After the chassis is manufactured, the chassis is then transferred to the original equipment manufacturer (OEM) which then installs a tank and pump necessary for the

11

refueling operations.

19.    These Dart refuelers were designed specifically to operate at an airport, such as Bradley International Airport.

20.    These Dart refuelers at Bradley International Airport travel from the fuel farm to the airplanes which is a matter of one mile or less, depending upon which airline, for the purpose of refueling the airplanes.

21.    The Dart refueler has two tires located at the front of the tank just behind the cabin where the driver sits and only one rear axle.

22.    The Dart 8000 refueler is 109 inches wide and 41 feet long.

23.    The Dart refueler is a classic rear engine-front elevating service platform-low profile configuration that for more than forty years has proven to be the most user-friendly large capacity refueler on the market.

24.    According to the web site for Engine and Accessory, Inc., these Dart refuelers contain stainless steel one-man cab, reinforced framework, extra heavy-duty bumpers for maximum protection, and "speed of vehicle limited to 20 mph for increased safety around airport ramps".

25.    AMR Combs and its corporate successors have used Dart refuelers at a number of their facilities at over twenty other airports.

C.    **The Policy**

26. National issued Policy No. S 74 DXA 80175135 to AMR Services Corp. ("AMR") of

**STANGER & ARNOLD, LLP**
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

Dallas, Texas, for the policy year 12/1/97 to 12/1/98 (hereinafter referred to as the "Policy").

27.  The Policy provides uninsured motorist coverage of $1 million each accident.

28.  The Policy was issued to AMR of Dallas, Texas and was intended to provide coverage for AMR's operations at numerous airports throughout the United States; it specifically identifies covered locations where the insured conducts garage operations, including: AMR Combs – Bradley, Bradley International Airport, Windsor Locks, Connecticut.

29.  Under the Connecticut Uninsured Motorist Coverage Endorsement form CA 21570295, coverage is provided as follows:

**A.  Coverage**

1.  We will pay all sums the **insured** is legally entitled to recover as compensatory damages from the owner or driver of an **uninsured motor vehicle**.  The damages must result from **bodily injury** sustained by the **insured** caused by an **accident.**  The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**.

Who is an insured is defined as follows (form CA 21570295):

**B.  Who Is an Insured**

1.  You.

2.  If you are an individual, any **family member**.

3.  Anyone else **occupying** a covered **auto** or a temporary substitute for a covered **auto.**  The covered **auto** must be out of service because of its breakdown, repair, servicing, loss or destruction.

13

An uninsured motor vehicle (form CA 21 570295) is defined as follows:

2.    **Uninsured motor vehicle** means a land motor vehicle or trailer:

    a.    To which no liability bond or policy applies at the time of the **accident**.

    b.    For which an insuring or bonding company denies coverage or is or becomes insolvent; or

    c.    That is a hit-and-run vehicle and neither the driver nor owner can be identified.  The vehicle must either:

        (1)    Hit an **insured**, a covered **auto** or a vehicle the **insured** is **occupying**; or

        (2)    Cause **bodily injury** to the **insured** without physical contact with the **insured**, a covered **auto** or a vehicle the **insured** is **occupying**.  However, in such cases, the **insured** must prove by a fair preponderance of the evidence that the **bodily injury** resulted from the negligence of an unidentified motorist.

However, **uninsured motor vehicle** does not include any vehicle:

    a.    Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or who becomes insolvent and cannot provide the amounts required by that motor vehicle law;

    b.    Owned by a governmental unit or agency; or

    c.    Designed for use mainly off public roads while not on public roads.

30.    The Policy defines auto (Business Auto Coverage Form – CA 00 010797) as follows:

B.    **Auto** means land motor vehicle, **trailer** or semi-trailer designed for travel on public roads but does not include **mobile equipment.**

14

**STANGER & ARNOLD, LLP**
29 South Main Street  •  Suite 325 •  West Hartford, CT 06107  •  860.561.0650  •  Facsimile: 860.561.0646
Juris No. 419042

31.    The Policy contains the following manuscript endorsement intended not to cover any accidents on the tarmac:

TARMAC EXCLUSION ENDORSEMENT

This Policy shall exclude all losses, except physical damage and any uninsured/underinsured motorists or personal injury protection coverages where statutorily required, arising out of all accidents which occur while any vehicle is being operated on the "Tarmac" of any airport.
"Tarmac" is defined as the roads, aprons, or runways used by airplanes for taxiing, parking, taking off and loading.

**Objection:  Plaintiff objects to Defendant's proposed uncontroverted facts Nos. 3, 5, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 27 for the reasons that some portions thereof are controverted or are irrelevant to this case.**

B.  **PLAINTIFF'S UNCONTROVERTED FACTS**

1.  **The Fuel Truck Accident**

On November 14, 1998 at about 1:07 p.m. Plaintiff was operating a fuel tanker truck in a designated ramp roadway in the airport Terminal Ramp Area of Bradley International Airport (BDL) en route to refuel an airplane parked on the airport tarmac.  At that time a fellow employee was operating a fuel truck along and outside of the ramp roadway en route to the airport fuel farm.  As the fuel trucks were about to pass each other, and because the fellow employee was reaching and looking down at a fueling slip, the fellow employee caused his fuel truck to swerve and collide head-on into Plaintiff's fuel truck.  Plaintiff was trapped in his fuel truck for

15

approximately 1 hour and 40 minutes with traumatic open leg fractures to his left tibia and fibula, before he was finally extricated by the "jaws of life" and transported via Life Star Helicopter to Hartford Hospital.  The fellow employee admitted to the investigating state police officer that he was 100% responsible for the accident.

**Objections:  The defendant does not agree to this statement as it is irrelevant to the issues in the case other than the fact that there was an accident.  It also seeks to include characterizations that are disputed.**

### 2.    The Fuel Trucks

The accident fuel trucks were 1969 and 1970 KW Dart refueler trucks, owned by Plaintiff's employer, a commercial motor carrier.  Both fuel trucks were single-operator cabin, rear-engine, three-axle straight body trucks equipped with a front-elevating fueling platform, and an engine speed governor for reduced airport speed limitations.  The fuel truck design equipment included an enclosed driver's cabin, rear and side view mirrors, headlights, tail lights, four-way flashing lights, brake lights, turn signals, horn, wipers, tires-drive axles, air brakes, steering wheel play, frame suspension/tie rods, exhaust system, load securement, rear protection ICC bar, and driver restraint system.  The fuel trucks also were equipped with United States Department of Transportation at (D.O.T.) placarding in accordance with 49 C.F.R. § 172.101(d)(4) for the transportation of the hazardous fuel cargo.

16

**Objection: The defendant has covered relevant data as to the refuelers in its proposed stipulation. It cannot agree to the language contained in this section.**

    **B.**    <u>**CONTESTED ISSUES OF LAW**</u>

        **1.**    Is the accident fuel truck a motor vehicle within the meaning CGS § 14-1 (47) and 31- 293a?

        **2.**    Is the accident fuel truck "special mobile equipment" or "contractors' mobile equipment" within the meaning of CGS §§14-1 (47) and 31-293a?

        **3.**    Is the accident fuel truck covered "**auto**" under Defendant's insurance policy for Plaintiff's employer?

        **4.**    Does Defendant's policy provide insurance coverage, or uninsured motorist insurance coverage for Plaintiff's fuel truck accident and injuries?

**14.**    <u>**TRIAL TO COURT:**</u>

    **A. Defendant's Proposed Findings of Fact:**

**1.** The Dart refueler is not designed to go "on-road".

    2. The Dart refuelers involved in the accident are not designed to go on public roads based upon the following:

(a) the refuelers are too wide; the refuelers exceed the DOT regulation that the truck must be no wider then 101 inches;

(b) the refuelers have been designed to go 20 mph or less; in order to go "on-road" they would have to be able to drive much faster;

17

(c)  the refuelers do not contain all safety equipment required to go "on-road";

(d)  the refuelers are not registered and cannot be registered;

(e)  the refuelers cannot be licensed;

(f)  the refuelers  have no title;

(g)  the refuelers are severely overweight on the rear axle;

(h)  the refuelers do not have DOT approved tanks;

(i)  the refuelers have no suspension; therefore the tanks crack and once the tanks crack, fuel spills;

(j)  the refuelers are custom built; the Dart refuelers in question were designed and produced by Engine & Accessory Manufacturing located in Miami, Florida; then the OEM installed the tank and pump as needed; this custom chassis was not designed for "on-road" use;

(k) these refuelers are not used anywhere but on the property of the airport; they are purpose- built vehicles and are not designed for highway use;

(l)  the Dart refuelers do not meet the criteria for "on-road" use although there are other types of refuelers at other airports that are required to meet "on-road" criteria;

(m)     whenever this type of refueler needs to be repaired or mechanically worked on and the location for the work to be done is off-site, the refueler is shipped on a flatbed truck; it is not driven to the mechanic.

18

**STANGER & ARNOLD, LLP**
29 South Main Street  •  Suite 325 •  West Hartford, CT 06107  •  860.561.0650  •  Facsimile: 860.561.0646
Juris No. 419042

      3.     The area where the accident occurred was not a part of Bradley International Airport that was open to public use.

      4.     The area where the accident occurred is considered "Tarmac" as defined in the Policy.

**B.  Defendant's Proposed Conclusions of Law:**

     1.  Based upon the evidence, the Dart refuelers do not satisfy the definition of "motor vehicles" under Connecticut statute §14-1 (47).

     2.  Based upon the evidence, the Dart refuelers do not qualify as "autos" under the National policy.

     3.  Based upon the evidence, the location of the 11-14-98 accident between the two Dart refuelers on the ramp area of Bradley International Airport does not meet the definition of "highway" under Connecticut statute §14-1(34).

     4.  Based upon the evidence, the location of the 11-14-98 accident between the two Dart refuelers on the ramp area of Bradley International Airport meets the definition of "Tarmac" under the National Policy.

     5.  Based upon the evidence, plaintiff has not satisfied the definition of "Who is an Insured" under the National policy.

     6.  Based upon the evidence, plaintiff has not satisfied the definition of "uninsured motor vehicle" under the National policy.

**STANGER & ARNOLD, LLP**

29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

**14. [second] WITNESS AVAILABILITY**

Based on present information, J. Andrew Reeves is not available before July, 2004.   There also are availability problems on July 9, 14, 15, 16, August 12, September 3-12, 17, 24-30 or October 1.  The defendant will provide additional availability information in accordance with the Pre-Trial Order.

The plaintiff will provide availability information in accordance with the Pre-Trial Order.


PLAINTIFF                                              DEFENDANT

By_____                By_____
     Steven E. Arnold, ct07966                    Alfred C. Constants, III, ct25051
     sea@SAlaw.us                                 aconsta1@ffic.com
     Peter M. Van Dyke, ct24747                   Caron, Constants & Wilson
     pvd@SAlaw.us                                 201 Route 17 North, 2d Floor
     Stanger & Arnold, LLP                        Rutherford, NJ 07070
     29 South Main Street                         Tel. (201) 507-3683
     West Hartford, CT 06107                      Fax. (201) 507-3675
     Tel. (860) 561-0650
     Fax. (860) 561-0646                              and
     His Attorneys
                                Louis B. Blumenfeld, ct05636
                                Cooney, Scully and Dowling
                                Hartford Square North
                                10 Columbus Boulevard
                                Hartford, CT 06106
                                Tel. (860) 527-1141
                                Fax. (860) 247-5215

                                Its Attorneys

**STANGER & ARNOLD, LLP**
29 South Main Street  •  Suite 325 •  West Hartford, CT 06107 •  860.561.0650 •  Facsimile: 860.561.0646
Juris No. 419042

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


THOMAS GLINSKI                          :      CIVIL NO.  3:01-CV-01167 (SRU)
                                        :
            Plaintiff                   :
                                        :
VS.                                     :
                                        :
NATIONAL SURETY CORP.                   :
                                        :
            Defendant                   :      MAY 6, 2004


PLAINTIFF'S CONCLUSIONS OF LAW

1.     The accident fuel truck is a motor vehicle within the meaning of C.G.S. §§14-1(47) and
       31-293a.

2.     Defendant's insurance policy provides coverage to compensate plaintiff for his fuel truck
       accident injuries.

3.     Defendant's insurance policy also provides uninsured motorist coverage to compensate
       plaintiff for his fuel truck accident injuries.

21

PLAINTIFF


BY_____
      Steven E. Arnold  ct 07966
      sea@SAlaw.us
      Peter Van Dyke ct24747
      pvd@Salaw.us
      Stanger & Arnold, LLP
      29 South Main Street
      West Hartford, CT 06107
      860.561.0650
      860.561.0646 (fax)
      His Attorneys


## CERTIFICATION

      This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 6, 2004 as follows:

Louis B. Blumenfeld, Esq.
Cooney, Scully and Dowling
10 Columbus Boulevard
Hartford, CT 06106

Alfred C. Constants, III, Esq.
Caron, Constants & Wilson
201 Route 17 North, 2d Floor
Rutherford, NJ  07070


      _____
      Steven E. Arnold


22