UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS A. GLINSKI | : | CIVIL ACTION NO. 3:01-CV-01167 (SRU) |
| Plaintiff, | : | |
| vs. | : | |
| NATIONAL SURETY CORPORATION | : | |
| Defendant. | : | MAY 6, 2004 |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE</u>**

**I. Introduction**

The defendant has moved in limine as follows:

1. To prohibit testimony by Harry Grough for the reason that he was not disclosed in accordance with the Federal Rules of Civil Procedure or in the time allowed under the order of the court.

2. To prohibit testimony by Harry Gough as to his opinions that the fuel truck in this case is a "motor vehicle" within the meaning of CGS§ 41-47 as well as a "truck" within the meaning of CGS§14-1(a)(84) and a "commercial vehicle" within the meaning of CGS§14-1(a)(11) for the reason that the plaintiff has never disclosed the basis for such opinions that Mr. Gough has neither the experience nor training involving the Dart

refuelers, that Mr. Gough never examined the Dart refueler or the location of the accident, and as general conclusory opinions they are not proper testimony.

## II. Discussion

### A. Failure To Disclose

Federal Rules of Civil Procedure, Rule 26 (a)(2) provides for the disclosure of experts who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Those rules of evidence involve testimony by experts, bases of opinion testimony by experts and disclosure of facts or data underlying expert opinions. The plaintiff has never complied with Rule 26(a)(2) and more specifically has never provided any of the information concerning Mr. Gough's testimony that is required in Rule 26(a)(2)(B), including a report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . . ."

Pursuant to Local Rule 26(f) the discovery and pleading schedule agreed to by the parties and submitted to the Court in their Local Rule 26(f) report. The Court endorsed that report on November 19, 2001. Pursuant to that schedule, plaintiff was required to disclose experts February 1, 2002 and depositions were to be taken of Plaintiff's experts by June 1, 2002. Plaintiff disclosed no experts within the time allowed and accordingly no depositions could be taken. In addition, at no time to date has the plaintiff sought permission to disclose an expert

late, complied with Rule 26 or otherwise attempted to cure the defect.

For the reason that the plaintiff has completely ignored the rules with regard to expert disclosure he should not be allowed to offer any testimony from Harry Grough.

**B.  The Opinion Testimony Disclosed Is Conclusory Without Proper Disclosure**

As previously stated, Rule 26(a)(2)(B) provides that as to expert witnesses to be used at trial the offering party must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . . ." No such report has been disclosed even to date, much less in a timely fashion.

The disclosed anticipated testimony by Mr. Gough as specified by the plaintiff remains solely conclusory in nature and on ultimate issues.  Mr. Gough does not have the training or experience to render an opinion on the Dart Refuelers and has never examined the refuelers involved in the accident.  In the absence of any explanation, and especially in the absence of compliance with the rules in a timely fashion so as to permit a deposition the Court should not allow such conclusory testimony.  Accordingly, the motion in limine, part 2 should be granted.

**III.    Conclusion**

For the reasons stated part 1 and part 2 of the defendant's Motion In Limine should be granted.

**DEFENDANT,**
**NATIONAL SURETY CORPORATION**


**BY**_____
       Louis B. Blumenfeld, ct05636
       Cooney, Scully and Dowling
       Hartford Square North
       10 Columbus Boulevard
       Hartford, Connecticut  06106
       Phone: (860) 527-1141
       Fax:     (860) 247-5215

       and

       Alfred C. Constants III, Esq.
       Caron, Constants & Wilson
       201 Route 17 North, Second Floor
       Rutherford, New Jersey 07070
       Phone: (201) 507-3710
       Fax:     (201) 507-3675

Its Attorneys